540 So.2d 916 (1989)
STATE of Florida, Appellant,
v.
Wayne GRIFFITH, Appellee.
Nos. 87-1530, 87-1531.
District Court of Appeal of Florida, Second District.
March 31, 1989.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellee.
PER CURIAM.
Appellee Wayne Griffith entered pleas of guilty to two counts of driving under the influence of alcohol. Because of Griffith's extensive prior record for this same offense, both charges were prosecuted as felonies. § 316.193(2)(b), Fla. Stat. (1986 supp.). Griffith was placed on probation for a term of two years, was ordered to pay a fine of $250.00 plus substantial court costs, and suffered permanent revocation of his driving privileges. The disposition was consistent with the sentencing guidelines recommendation of "any non-state prison sanction." The trial court also withheld adjudication of guilt.
The state argues, and Griffith concedes, that section 316.656, Florida Statutes (1985), precludes the trial court from withholding adjudication of guilt for any violation of section 316.193. The sentencing requirements of this section are mandatory and cannot be circumvented. State v. Muoio, 438 So.2d 160 (Fla. 2d DCA 1983).
The state also contends that the trial court was required to assess a fine of no *917 less than $1,000.00. They rely upon section 316.193(2)(a)3, Florida Statutes (1985), which established fines of no less than $1,000.00 and no more than $2,500.00 "for a third or subsequent conviction." However, that statute was amended by Chapter 86-296, sections 1 and 29, Laws of Florida, and the revised statute was in effect at the time of Griffith's offenses. Whereas prior to the amendment no distinction was drawn for purposes of punishment between a third D.U.I. conviction and a fourth or subsequent conviction, the statute now provides an escalating schedule of mandatory fines and maximum jail sentences depending upon whether the conviction is the offender's first, second, or third. § 316.193(2)(a), Fla. Stat. (1987). Fourth and subsequent convictions, however, are dealt with in a separate subsection, 316.193(2)(b), which specifies only that the offense is a felony of the third degree and makes no reference to fines. In fact, subsection (b) is specifically excluded from the fine schedules in subsection (a).[*] Accordingly, we find no error with respect to the amount of the fine imposed.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
CAMPBELL, C.J., and SCHOONOVER and HALL, JJ., concur.
NOTES
[*] Because the offense has been reclassified as a felony, the court actually could have imposed a fine not exceeding $5,000. § 775.083(1)(a)(c), Fla. Stat. (1987). However, this section establishes no minimum fines for any offense categories.