JOANOS, Chief Judge.
The state seeks review of the trial court’s denial of its motion to correct sentence. The sole issue raised in this appeal is whether section 316.656, Florida Statutes (1989), authorizes the trial court to withhold adjudication of guilt for violations of section 316.193, Florida Statutes. We reverse.
Appellant pled nolo contendere to charges of driving a motor vehicle while under the influence of alcoholic beverages (DUI), and driving with a suspended license. Because appellant had three prior DUI convictions, the case was transferred to the circuit court for disposition, pursuant to section 316.193(2)(b). The circuit court judge withheld adjudication of guilt, placed appellant on probation for three years, imposed a fine of $1500.00, directed appellant to perform 150 hours of community service work and to work thirty weekends with the Washington County work squad, and suspended appellant’s driver’s license for life. The state filed a motion to correct sentence, maintaining that pursuant to section 316.656, Florida Statutes, adjudication of guilt must be pronounced for any violation of section 316.193. We agree.
Section 316.656(1), Florida Statutes (1989), the governing section, provides:
(1) Notwithstanding the provisions of s. 948.01, no court may suspend, defer, or withhold adjudication of guilt or imposition of sentence for any violation ofs. 316.193, for manslaughter resulting from the operation of a motor vehicle, or for vehicular homicide. (Emphasis supplied.)
The applicable portions of section 316.193, Florida Statutes (1989), provide:
(1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection
(2) if such person is driving or in actual physical control of a vehicle within this state and:
(a) The person is under the influence of alcoholic beverages, ... when affected to the extent that his normal faculties are impaired; or
(b) The person has a blood alcohol level of 0.10 percent or higher.
[[Image here]]
(2)(b) Any person who is convicted of a fourth or subsequent violation of subsection (1) is guilty of a felony of the third degree, punishable as provided in s. 775.-082, s. 775.083, or s. 775.084.
Evidence adduced at the hearing in this cause established that appellant’s prior record of DUI convictions was such that the instant offense was converted into a third degree felony by operation of section 316.656(2)(b). Consequently, the only question for resolution is whether, under the provisions of section 316.656, the trial court was permitted any discretion to withhold adjudication of guilt. This particular question was addressed at length in Wooten v. State, 332 So.2d 15 (Fla.1976). There, the court reasoned that “[t]he requirement that offenders who have been proven guilty be so adjudged is part and parcel of the legislative scheme to discourage drunken driving by authorizing progressively harsher sentences for multiple offenders.” 332 So.2d at 17. In other words, absent the requirement of adjudication, “the multiple DUI offender who succeeded in avoiding *1031 formal adjudication, in three previous prosecutions, could not be punished as severely as the drunken driver whose single previous offense resulted in conviction.” Id. See also State v. Griffith, 540 So.2d 916 (Fla. 2d DCA 1989), holding that the section 316.656(1) adjudication provision is mandatory, and precludes the trial court from withholding adjudication of guilt for any violation of section 316.193.
This cause is remanded with directions to pronounce adjudication of guilt in accordance with the mandatory requirement set forth in section 316.656(1).
WOLF and KAHN, JJ., concur.