JOANOS, Chief Judge.
Appellee Rodrick C. Coatney pled nolo contendere to a felony charge of driving under the influence. See § 316.193(2)(b), Fla.Stat. (1989). Because appellee had no prior felony convictions, the trial court withheld adjudication of guilt, and placed him on probation for three years with a special condition of thirty days in the county jail. In addition, appellee was required to make restitution for property damage, to pay a fine of $1,000.00, and to perform 150 hours of community service during the probationary period. The state contends that section 316.656, Florida Statutes (1989), does not permit the trial court to withhold adjudication of guilt for any violation of section 316.193. We agree and reverse.
In State v. Whitaker, 590 So.2d 1029 (Fla. 1st DCA 1991), the court reversed a ruling in which the trial court withheld adjudication of guilt for the felony offense of driving under the influence. The Whitaker opinion relied upon the reasoning set forth in Wooten v. State, 332 So.2d 15 (Fla.1976), in which the supreme court concluded that mandatory adjudication gave effect to legislative intent to discourage drunken driving, by authorizing progressively harsher sentences for multiple offenders. Absent adjudication, the progressively harsher sentences contemplated by the statute could not be imposed.
The applicable provision, section 316.-656(1), Florida Statutes (1989), states in pertinent part:
(1) Notwithstanding the provisions of s. 948.01, no court may suspend, defer, or withhold adjudication of guilt or imposition of sentence for any violation of s. 316.193, ... (Emphasis supplied.)
The second district held that “the sentencing requirements of this section are mandatory and cannot be circumvented.” *500 State v. Griffith, 540 So.2d 916 (Fla. 2d DCA 1989). We agree since appellee in this case pled nolo contendere to a violation of section 316.193(2)(b), the provisions of section 316.656(1) apply. Section 316.-656(1), expressly precludes withholding of adjudication “for any violation of s. 316.-193.” Therefore, the trial court was not authorized to withhold adjudication in this instance.
Accordingly, this cause is remanded with directions to pronounce adjudication of guilt in accordance with the provisions of section 316.656(1), Florida Statutes (1989).
SHIVERS and BARFIELD, JJ., concur.