MAASS, ELIZABETH T., Associate Judge.
Eric McGhee appeals his sentences for driving under the influence (“DUI”) manslaughter and DUI causing injury to the property of another. We affirm his sentence on the felony, and the imposition of DUI school as a special condition of probation on the misdemeanors, but reverse as to the other special conditions imposed.
McGhee entered an open plea to DUI manslaughter and five counts of DUI causing damage to the property of another based on a May 30, 1999, driving episode. He filed a written motion requesting a downward departure from the felony sentencing guidelines contending, among other grounds, that he committed the crime in an unsophisticated manner and the crime was an isolated incident for which he had shown remorse. After an evidentiary hearing, the trial judge denied the motion and sentenced McGhee to 10.9 years imprisonment on the DUI manslaughter. The trial judge also placed McGhee on concurrent terms of six months probation for the misdemeanor offenses of DUI property damage, imposing what the court termed “mandatory” special conditions that McGhee pay a $250 fine, attend Level 1 DUI school, perform fifty hours of community service, and have his car immobilized for ten days.
McGhee contends that the trial judge erred in determining that, as a matter of law, DUI cannot be committed in an unsophisticated manner, and in imposing the special conditions on his probation.
This court has held that the crime of DUI cannot be committed in an unsophisticated manner, as contemplated by section 921.0026(2)(j), Florida Statutes (Supp. 1998). See State v. Beck, 763 So.2d 506, 508 (Fla. 4th DCA 2000); State v. Warner, 721 So.2d 767, 769 (Fla. 4th DCA 1998). Both the first and second districts have disagreed. See Leveritt v. State, 817 So.2d 891, 898 (Fla. 1st DCA 2002); State v. VanBebber, 805 So.2d 918, 920-21 (Fla. 2d DCA 2001), review granted, 819 So.2d 139 (Fla.2002).
VanBebber is pending before the Florida Supreme Court. If the trial judge had found that, as a matter of law, DUI can not be committed in an unsophisticated manner, it may have been prudent for us to delay .ruling pending the decision in VanBebber; however, the record does not support McGhee’s contention that the trial judge declined to consider the issue. Instead, the sentencing hearing transcripts make clear that McGhee abandoned his contention that the crime was committed in an unsophisticated manner.[1] McGhee *500 presented no evidence to support his position. His counsel stated, when the trial judge questioned her at the first sentencing hearing about the motion for downward departure, “I don’t think the DUI was unsophisticated. I don’t think that it is.” At the conclusion of the continued sentence hearing, the trial judge asked whether the motion for downward departure was based on two arguments: McGhee’s need for and amenability to mental health treatment and his professed inability to conform his actions to the requirements of law. Defense counsel responded ‘Tes, Judge.”
The trial judge placed McGhee on six months probation for the crimes of DUI causing damage to the property of another, imposing what he described as “mandatory conditions” that McGhee pay a $250 fine, attend Level I DUI school, perform fifty hours of community service, and have his car immobilized for ten days. McGhee contends that under section 316.193(3), Florida Statutes (Supp.1998), these conditions are not mandatory.
Section 316.193 provides, in pertinent part:
(1)A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if the person is driving or in actual physical control of a vehicle within this state and:
(a)The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893, when affected to the extent that the person’s normal faculties are impaired;
(b) The person has a blood-alcohol level of 0.08 or more grams of alcohol per 100 milliliters of blood; or
(c) The person has a breath-alcohol level of 0.08 or more grams of alcohol per 210 liters of breath.
(2)(a) Except as provided in ... subsection (3), ... any person who is convicted of a violation of subsection (1) shall be punished:
1.By a fine of:
a. Not less than $250 or more than $500 for a first conviction.
2.By imprisonment for:
a. Not more than 6 months for a first conviction.
(3) Any person:
(a) Who is in violation of subsection
(i);
(b) Who operates a vehicle; and
(c) Who, by reason of such operation, causes:
1. Damage to the property or person of another commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
2. Serious bodily injury to another, as defined in s. 316.1933, commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
3. The death of any human being commits DUI man-slaughter, and commits:
*501 a. A felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
b. A felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, if:
(I) At the time of the accident, the person knew, or should have known, that the accident occurred; and
(II) The person failed to give information and render aid as required by s. 316.062.
(5) The court shall place any offender convicted of -violating this section on monthly reporting probation and shall require attendance at a substance abuse course licensed by the department....
(6) With respect to any person convicted of a violation of subsection (1), regardless of any penalty imposed pursuant to ... subsection (3) ...
(a) For the first conviction, the court shall place the defendant on probation for a period not to exceed 1 year and, as a condition of such probation, shall order the defendant to participate in public service or a community work project for a minimum of 50 hours; ... However, the total period of probation and incarceration may not exceed 1 year. The court must also, as a condition of the probation, order the impoundment or immobilization of the vehicle that was operated by ... the defendant ... for a period of 10 days....
Section 775.083(l)(d), Florida Statutes (1997) provides for a fine of up to $1,000.00 on a first-degree misdemeanor. There is no minimum fine.
Legislative intent controls statutory construction. See Reynolds v. State, 2002 WL 31856732, 842 So.2d 46, 47 (Fla. Dec. 19, 2002). Intent is most clearly manifested by the language used. Id. Consequently, there is no need to resort to principles of statutory construction where the statute’s language is clear. Fla. Convalescent Ctrs. v. Somberg, 2003 WL 252155, 840 So.2d 998, 999 (Fla. Feb. 6, 2003).
McGhee contends that the trial judge erred in finding that he was required to impose any special conditions on his probation. He argues that, under section 316.193(3)(c)l., DUI causing damage to property is punishable solely as provided in section 775.082 and section 775.083, and that section 316.193(6) applies only to a conviction for violation of subsection (1) of the same section.
Section 316.193(5) by its terms applies to “any offender convicted of violating this section.” In contrast, subsection (6) applies to “any person convicted of a violation of subsection (1).” The variation in wording is a distinction with a difference. See Parker v. State, 406 So.2d 1089, 1092 (Fla.1981). Subsection (5) requires probation and DUI school on any violation of section 316.193. Subsection (6)(a) requires community service and vehicle immobilization only on convictions for violations of subsection (l).[2],[3] See Zopf v. Singletary, *502 686 So.2d 680, 681-82 (Fla. 1st DCA 1997) (where statute specifically enumerates people covered, ordinarily statute will be construed to exclude those not mentioned).
Even if the statute were not clear on its face, application of traditional principles of statutory construction would lead to the same conclusion. The language of subsection (5) has been carried forward since the crime of DUI causing property damage was first incorporated into section 316.193 in 1986, and has been left substantially unaltered despite numerous other statutory revisions.[4] Had the legislature not intended it to apply to DUI with property damage, it had every opportunity to amend it.
Importantly, subsection (6) limits the period of probation and incarceration for a first conviction to one year, a period inconsistent with section 316.193(3)c.2. and 3, which create first, second, and third degree felonies. Statutes should, whenever possible, be construed harmoniously. See Jones v. State, 813 So.2d 22, 25 (Fla.2002); Graham v. Jenne, 837 So.2d 554, 558-59 (Fla. 4th DCA Feb.12, 2003). It is doubtful that the legislature intended to limit the term of incarceration on a first degree felony of DUI manslaughter to one year.
Finally, the statutory scheme makes sense: everyone convicted of DUI, in whatever form, must complete a substance abuse course. However, a trial judge is not required to make a violator convicted of DUI with personal injury or property damage perform community service or have his car immobilized. These terms may not be practical or desirable if a defendant is serving a long prison sentence prior to his probation.
Like section 316.193(6), and in contrast to subsection (5), section 316.193(2) applies only if the person is convicted of a violation of subsection (1). By its terms, it does not apply to those convicted of a violation of subsection (3). Again, even if the language used were not explicit, application of traditional principles of statutory construction would yield the same result.
McGhee contends, in essence, that the fine prescribed by subsection (3) supplants that which is prescribed by subsection (2). The state contends that the language “except as provided in ... subsection (3)” should be read to mean except as modified by or inconsistent with subsection (3).
*503 In the context of a criminal case, statutory interpretation is tempered by due process concerns. See Perkins v. State, 576 So.2d 1310 (Fla.1991). A criminal statute must apprise an ordinary person of common intelligence of both the prohibited acts and their penalties. See Borjas v. State, 790 So.2d 1114, 1115 (Fla. 4th DCA 2001). This lenity principle, codified at section 775.021(l)-(2), Florida Statutes (1997), requires criminal statutes, including penal statutes, to be strictly construed in the accused’s favor. See State v. Byars, 823 So.2d 740, 742 (Fla.2002); Perkins, 576 So.2d at 1314; Jenne, 837 So.2d 554, 558-59.
A penal statute is ambiguous if reasonable people can offer different, but reasonable, interpretations. See State v. Huggins, 802 So.2d 276, 277 (Fla.2001). “Except” may mean either “with the exclusion of’ .or “otherwise than.” American Heritage College Dictionary 477 (3d ed.1993). The competing interpretations offered by McGhee and the state are each reasonable. Consequently, the statute must be narrowly construed to provide that a person found guilty of a DUI damaging the property of another is subject to a maximum fine of $1,000.00, but no minimum fine.[5]
Additional support for our ruling is found in State v. Griffith, 540 So.2d 916 (Fla. 2d DCA 1989). There, the defendant pled guilty to two counts of DUI. Because of his extensive prior history, the crimes were prosecuted as felonies. The version of section 316.193 in effect when the crimes were committed provided, in pertinent part:
(2)(a) Except as provided in paragraph (b) ... any person who is convicted of a violation of subsection (1) shall be punished:
1. By a fine of:
c. Not less than $1,000 or more than $2,500 for a third conviction; and.
(b) Any person who is convicted of a fourth or subsequent violation of subsection (1) is guilty of a felony of the third degree, punishable as provided in ... s. 775.083....
§ 316.193(2).
The second district held that the statute: provides an escalating schedule of mandatory fines and maximum jail sentences depending upon whether the conviction is the offender’s first, second, or third. § 316.193(2)(a), Fla. Stat. (1987). Fourth and subsequent convictions, however, are dealt with in a separate subsection, 316.193(2)(b), which specifies only that the offense is a felony of the third degree and makes no reference to fines. In fact, subsection (b) is specifically excluded from the fine schedule in subsection (a).
Griffith, 540 So.2d at 917.
By footnote, the court noted that while no minimum fine was imposed by section 775.083(l)(a)-(c), Florida Statutes (1987), a fine of up to $5,000.00 could be imposed. Griffith, 540 So.2d at 917 n. 1. In response, in 1991 the legislature amended the statutory subsection which subjected fourth and subsequent DUI offenders to the penalties prescribed for third degree felonies by
*504 adding “(h)owever, the fine imposed for such fourth or subsequent violation may not be less than $1,000.” See Ch. 91-255, § 1, at 2444, Laws of Fla.[6] No similar change was made to section 316.193(3)(c)l.
In summary, we conclude that (1) McGhee abandoned his claim that the crime was unsophisticated, justifying a downward departure on his felony DUI; and (2) the trial judge properly placed him on probation for the misdemeanor DUI offenses, imposing the mandatory special condition of DUI school attendance. However, the trial judge erred in imposing what he believed to be a “mandatory” minimum fine of $250.00, community service, and immobilization of his vehicle. Consequently, the action is remanded to the trial court for resentencing on the misdemeanors consistent with this opinion.
SHAHOOD and GROSS, JJ., concur.

. McGhee’s abandonment of his contention that he committed the crime in an unsophisti *500 cated manner is not surprising, given the facts of the case: he mixed prescription medication and alcohol; took his mother’s car without permission after becoming agitated when a family Memorial Day picnic was rained out; went joy riding with two under-aged nephews; caused an accident which resulted in the death of a young husband on the way to the beach with his wife; and lied about his name at the scene, knowing there was a warrant out for his arrest.

. Prior to 1986, section 316.193(1) defined the crime and subsection (2) prescribed minimum and maximum fines, and maximum sentences. Former subsection (4), now renumbered as subsection (6), provided that ‘‘[w]ith respect to any person convicted of a violation of subsection (1), regardless of any penalty imposed pursuant to subsection (2),” the court for a first conviction was required to place the defendant on probation and order that he perform at least fifty hours of community service. See § 316.193(4)(a), Fla. Stat. (1985). At the time, subsection (1) was the only subsection that defined a crime. Consequently, it was the only subsection that could be violated. Subsection (4)’s inclusion of the language “regardless of any penalty imposed pursuant to subsection (2)” simply acknowl *502 edged that probation was required in addition to the fine and sentence addressed in subsection (2). Unfortunately, when the crime of DUI causing injury to person or property was incorporated into section 316.193(3) in the 1986 amendments, the legislature amended subsection (6) to read "regardless of any penalty imposed pursuant to ... subsection (3) ...," wrongly implying that a defendant may be convicted for violating both (1) and (3) as part of a single offense. Since a defendant may not be convicted under (1) but penalized under (3), this language is superfluous. See Pulaski v. State, 540 So.2d 193 (Fla. 2d DCA 1989) (finding that DUI causing injury is not mere enhancement of penalty for DUI, but a discrete crime).

. Florida Chapter 88-5, Laws of Florida, added the requirement of probation in subsection (5). See Ch. 88-5, § 2, at 191, Laws of Fla. Prior to that time, DUI school, but not probation, was required.

. Prior to 1986, driving under the influence (DUI) and driving while intoxicated (DWI) represented separate offenses. See § 316.193, Fla. Stat. (1985); § 316.1931, Fla. Stat. (1985). Only DWI carried enhanced penalties where the driving episode caused an accident. See § 316.1931(2), Fla. Stat. (1985). In 1986, DWI was repealed and its concept incorporated into section 316.193, Florida Statutes. See Ch. 86-296, § 1, at 2221, Laws of Fla. Subsection (3) in substantially its 1998 version was added. Former subsection (3), requiring attendance at a substance abuse course, became subsection (5) and continued to apply to "any person convicted of violating this section.”

. Our view is buttressed by a review of section 316.1931, Florida Statutes (1985), the DWI law, which specifically provided that "the penalty imposed for [DWI with property damage] shall not be less than the penalty provided under s. 316.193.” § 316.1931(2)(a). When section 316.1931 was repealed and the crime of DUI with property damage incotpo-rated into section 316.193(3), this plain directive to impose at least the required minimum punishment for a simple DUI was dropped.

. The legislative history supports the position that the legislature accepted Griffith when it noted that the 1989 law permitted a fine of less that $1,000.00 for a fourth or subsequent DUI conviction, though a third conviction carried a $1,000.00 minimum mandatory fine. H.R. Comm, on Criminal Justice, Final Bill Analysis & Economic Impact Statement, CS/HB 343, 759, 1139 & 2073 (passed as Chapter 91-255, Laws of Florida).