LaROSE, Judge.
The State appeals the trial court’s order dismissing two counts of a five-count information. Count three charged Edward Cook with unlicensed roofing contracting; count five charged Mr. Cook with unlicensed plumbing contracting. The State *1014 charged both counts as felonies under section 489.127(2)(b), Florida Statutes (2001), because Mr. Cook previously was found guilty of unlicensed residential contracting. Adjudication was withheld on that charge.
The trial court found section 489.127(2)(b) ambiguous. Therefore, applying the rule of lenity,[1] it found that counts three and five could not stand as felonies because Mr. Cook’s prior no contest plea was not for the exact same offenses of unlicensed roofing contracting and unlicensed plumbing contracting. The State contends that the language of section 489.127(2)(b) is clear and unambiguous. We agree and vacate the trial court’s order.
The statutory language most clearly manifests the legislature’s intent in enacting a statute. Bautista v. State, 863 So.2d 1180, 1185 (Fla.2003). Where the language is clear, we need not resort to statutory construction principles. See McGhee v. State, 847 So.2d 498, 501 (Fla. 4th DCA 2003). Absent an ambiguity in the language, the rule of lenity is inapplicable. Bautista, 863 So.2d at 1183.
Chapter 489, part I, regulates construction contracting in the interest of the public health, safety, and welfare. § 489.101, Fla. Stat. (2001). Section 489.105(3) defines contractor as follows:
“Contractor” means the person who is qualified for, and shall only be responsible for, the project contracted for and means, except as exempted in this part, the person who, for compensation, undertakes to, submits a bid to, or does himself or herself or by others construct, repair, alter, remodel, add to, demolish, subtract from, or improve any building or structure, including related improvements to real estate, for others or for resale to others; and whose job scope is substantially similar to the job scope described in one of the subsequent paragraphs of this subsection.
[[Image here]]
Contractors are subdivided into two divisions, Division I, consisting of those contractors defined in paragraphs (a)(c), and Division II, consisting of those contractors defined in paragraphs (d)(q).
Mr. Cook’s prior offense was for unlicensed residential contracting. That category of contractor is defined in Division I of section 489.105(3):
(c) “Residential contractor” means a contractor whose services are limited to construction, remodeling, repair, or improvement of one-family, two-family, or three-family residences not exceeding two habitable stories above no more than one uninhabitable story and accessory use structures in connection therewith.
The offenses relevant in this appeal, unlicensed roofing contracting and unlicensed plumbing contracting, involve contractor categories defined in Division II of section 489.105(3):
(e) “Roofing contractor” means a contractor whose services are unlimited in the roofing trade and who has the experience, knowledge, and skill to install, maintain, repair, alter, extend, or design, when not prohibited by law, and use materials and items used in the installation, maintenance, extension, and alteration of all kinds of roofing, waterproofing, and coating, except when coating is not represented to protect, repair, wa *1015 terproof, stop leaks, or extend the life of the roof.
[[Image here]]
(m) “Plumbing contractor” means a contractor whose contracting business consists of the execution of contracts requiring the experience, financial means, knowledge, and skill to install, maintain, repair, alter, extend, or, when not prohibited by law, design plumbing. ...
Each category of contractor described above falls within the broader definition of “contractor” in section 489.105(3). Section 489.127(l)(f), under which the State proceeded against Mr. Cook, provides that no person shall “[e]ngage in the business or act in the capacity of a contractor or advertise himself or herself or a business organization as available to engage in the business or act in the capacity of a contractor without being duly registered or certified or having a certificate of authority.” This statutory provision makes no distinction among the contractor categories defined in Divisions I and II of section 489.105(3).
Here, the State charged the present counts of unlicensed contracting as felonies because of Mr. Cook’s prior unlicensed contractor offense. Section 489.127(2)(b) provides:
Any unlicensed person who commits a violation of subsection (1) [of section 489.127] after having been previously found guilty of such violation commits a felony of the third degree....
The trial court found the “such violation” language ambiguous. It interpreted the statute to require a defendant to have been found guilty previously of the exact same offense as presently charged. In other words, the trial court concluded that to be subject to a felony charge for either unlicensed roofing or unlicensed plumbing contracting, Mr. Cook would have had to have been found guilty previously of each of those specific offenses.
The “such violation” language in section 489.127(2)(b) creates no ambiguity warranting application of the rule of lenity. Section 489.127(l)(f), under which Mr. Cook was charged, prohibits one from engaging in the business or acting in the capacity of a “contractor” without a license. The definition of a “contractor,” found in section 489.105(3), encompasses all those contractors whose job scope falls within subparagraphs (a)-(q) of that section, including residential, roofing, and plumbing contracting. These subdefinitions merely identify those categories of contractors falling within the definitional ambit of section 489.105(3). The statutory language reflects a clear, unambiguous legislative intent to punish a second unlicensed contracting offense more severely than a first offense. The statute does not require a subsequent offense to involve the same subtype of contracting as the first offense to subject Mr. Cook to felony charges. Mr. Cook’s activity as an unlicensed “contractor” in a category encompassed by section 489.105(3) is sufficient to warrant the felony charges.[2]
Additionally, Mr. Cook argued below and argues on appeal that the withholding of adjudication on his prior offense of unlicensed residential contracting does not constitute a prior conviction under section 489.127(2)(b). The trial court did not specifically rule on this issue. Recently, however, the supreme court held that a no contest plea is a prior conviction, regard *1016 less of adjudication being withheld. See Montgomery v. State, 897 So.2d 1282, 1285-86 (Fla.2005).
Accordingly, we vacate the order granting the motion to dismiss count three and count five and remand this cause for further proceedings.
CASANUEVA and VILLANTI, JJ., Concur.

. When the language of a criminal sentencing statute is ambiguous, the statute must be construed favorably to the accused. See Walker v. State, 880 So.2d 1262, 1264 (Fla. 2d DCA 2004) (citing 775.021, Fla. Stat. (1999); State v. Rife, 789 So.2d 288, 294 (Fla.2001)).

. Mr. Cook also had a prior offense of unlicensed electrical contracting. That offense is governed separately by chapter 489, part II, dealing with electrical and alarm system contracting.