DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHN POWERS**,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

No. 4D19-2934

[April 14, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mariya Weekes, Judge; L.T. Case No. 13-7743-CF10A.

Carey Haughwout, Public Defender, and Logan T. Mohs, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant John Powers appeals his fifteen-year sentence for Driving Under the Influence ("DUI") Manslaughter—Unlawful Blood Alcohol Level ("UBAL"), arising out of a resentencing hearing. Principally, Appellant asserts that: (1) the trial court erred in imposing a fifteen-year sentence without a probationary component and (2) Appellant's judgment contains an error with respect to listing two subsections of section 316.193, Florida Statutes, as his offense statute numbers.[1]

We find merit in both of these arguments, and thus reverse and remand for a *de novo* resentencing, with instructions to the trial court to correct the error in Appellant's judgment and to fashion a sentence that complies with the pertinent statutes, as discussed below.

**Background**

---

[1] The third issue raised in the appeal was not properly preserved for appellate review.

Appellant was charged by Information with one Count of DUI Manslaughter under sections 316.193(1)(a) and 316.193(3)(a)(b)(c)3.a., Florida Statutes ("Count 1"), and one count of DUI Manslaughter—UBAL under sections 316.193(1)(b) and 316.193(3)(a)(b)(c)3.a., Florida Statutes ("Count 2"). Appellant pled guilty on both counts, however the trial court dismissed Count 1 due to double jeopardy implications.

Thereafter, the trial court adjudicated Appellant guilty on Count 2, sentencing him to eleven years in prison, followed by two years of community control, and then two years of probation. Despite the Information charging Appellant under sections 316.193(1)(b) and 316.193(3)(a)(b)(c)3.a. for Count 2, Appellant's written judgment listed his offense statute numbers as those charged under Count 1—sections 316.193(1)(a) and 316.193(3)(a)(b)(c)3.a.

Appellant subsequently appealed his judgment and sentence, raising six issues on appeal. *Powers v. State*, 260 So. 3d 318, 319–320 (Fla. 4th DCA 2018). Relevant for purposes of the instant appeal, Appellant argued that the trial court erred in considering a scoresheet containing improper prior record points and that the trial court made "a scrivener's error in the written judgment regarding the offense statute number." *Id.* Based on the trial court's consideration of a scoresheet with improper prior record points, this court reversed and remanded for a *de novo* resentencing. *Id.* at 322.

As to the "scrivener's error in the written judgment regarding the offense statute number," the State conceded error. *Id.* at 320. However, rather than going into detail on the issue, our opinion merely expressed our "trust [that] the trial court w[ould] not commit the same error[] upon resentencing." *Id.* at 322. Accordingly, the opinion did not address the "offense statute number" issue to the extent that Appellant now argues that inclusion of section 316.193(1) on his written judgment is improper, or his alternative argument that, if the inclusion of section 316.193(1) is proper, there should be a reference to section 316.193(1)(b) and not 316.193(1)(a).

Subsequently, Appellant appeared before a different trial court judge for a *de novo* resentencing hearing, wherein the State presented an updated scoresheet that removed all prior record points. Following the presentation of testimony from the victim's family as to the impact of Appellant's actions, defense counsel requested that the trial court sentence Appellant to seven years in prison, followed by either three or four years of probation, "along with whatever DUI mandatory minimums there are pursuant to the statute." The State, in turn, requested that the

2

trial court sentence Appellant to thirteen years in prison, followed by two years of probation, with a four-year mandatory minimum sentence.

The trial court sentenced Appellant to fifteen years in prison with a four-year mandatory minimum sentence. Despite the requests of both parties, the trial court did not impose probation as the predecessor judge had done during Appellant's initial sentencing. Moreover, the trial court did not enter a corrected written judgment.

Appellant timely appealed his fifteen-year sentence. While this appeal was pending, Appellant filed a Motion to Correct Sentencing Errors, asserting once more that the written judgment contained a "scrivener's error" and that his written judgment should only have listed section 316.193(3)(a)(b)(c)3.a. Appellant also filed an Amended Second Motion to Correct Sentencing Errors, asserting that his sentence lacked a probationary component. Both motions were deemed denied through the passage of time. *See* Fla. R. Crim. P. 3.800(b)(2)(B). Thus, Appellant now seeks our review of both his sentence and the denial of his rule 3.800(b)(2) motions.

**Analysis**

"The standard of review for a motion to correct a sentencing error is *de novo*." *Terry v. State*, 263 So. 3d 799, 802 (Fla. 4th DCA 2019) (citing *Willard v. State*, 22 So. 3d 864, 864 (Fla. 4th DCA 2009)). We also review issues of statutory interpretation *de novo*. *Larimore v. State*, 2 So. 3d 101, 106 (Fla. 2008).

*A. Probationary Component*

Section 316.193(3)(a)(b)(c)3.a., Florida Statutes (2011), provides that a person who violates subsection (1), operates a vehicle, and causes the death of another by operation of such, commits "[a] felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084." Section 775.082(3)(c), Florida Statutes (2011), further provides that the maximum sentence for a second-degree felony is "a term of imprisonment of 15 years."[2] However, when a defendant is convicted under section 316.193, "[t]he court *shall* place all offenders convicted of violating [that statute] on monthly reporting probation and *shall* require completion of a substance abuse course . . . ." § 316.193(5), Fla. Stat. (emphasis added). Moreover, "[w]hen a defendant is sentenced to a term in prison followed by

---

[2] The statute has been subsequently amended and the applicable provision is currently § 775.082(3)(d). *See* § 775.082(3)(d), Fla. Stat. (2020).

probation, the combined times must not exceed the statutory maximum." *Jackson v. State*, 276 So. 3d 972, 973 (Fla. 5th DCA 2019) (quoting *Gonzales v. State*, 816 So. 2d 720, 721 (Fla. 5th DCA 2002)).

When construing a statute, if "the plain language . . . is unambiguous and conveys a clear meaning, the statute must be given its obvious meaning." *McNeil v. State*, 215 So. 3d 55, 58 (Fla. 2017). If the statute is clear, "courts will not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent." *State v. Burris*, 875 So. 2d 408, 410 (Fla. 2004).

Here, looking first at section 316.193(5)'s plain language, in fashioning a sentence for a person convicted under section 316.193 (as here), the court *shall* place this person on "monthly reporting probation" and *shall* require this person to complete a substance abuse course. § 316.193(5), Fla. Stat. (2011). However, the State argues an apparent conflict exists between section 316.193(5)'s two requirements, on the one hand, and the general sentencing statute—section 775.082—referenced within section 316.193(3), which provides for a maximum sentence of fifteen years' imprisonment. The State asserts that because section 775.082 allows a defendant to be sentenced up to fifteen years for a felony of the second degree, and because the Legislature has signaled its intent to give a trial court the authority to sentence a defendant "up to and including the statutory maximum for any offense[,]" § 921.002(1)(g), Fla. Stat. (2011), statutory construction is warranted.

Even looking beyond the plain language and applying statutory construction principles, the law disfavors the State's argument. Statutory provisions must "be read together to achieve a consistent whole, and where possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another." *Larimore*, 2 So. 3d at 106 (internal alterations and quotation marks omitted) (quoting *Heart of Adoptions, Inc. v. J.A.*, 963 So. 2d 189, 199 (Fla. 2007)). Further, "a specific statute covering a particular subject area always controls over a statute covering the same and other subjects in more general terms." *McKendry v. State*, 641 So. 2d 45, 46 (Fla. 1994).

Here, it is undisputed that Appellant's maximum sentence for DUI Manslaughter—UBAL was fifteen years pursuant to section 775.082(3)(c), Florida Statutes (2011). The trial court could easily have construed sections 316.193(5) and 775.082(3)(d) in harmony by simply sentencing Appellant to a prison term less than the statutory maximum of fifteen years and by providing for a probationary component, with the combination of time in prison and time on probation not exceeding fifteen

4

years. Indeed, the predecessor judge imposed such a sentence at Appellant's initial sentencing, and both Appellant and the State requested this at the resentencing hearing. Notably, this would have satisfied the additional rule of statutory construction that specific statutes control over general statutes. *McKendry*, 641 So. 2d at 46. This approach would also have complied with the requirement that a sentence split between prison and probation not exceed the statutory maximum. *See Jackson*, 276 So. 3d at 973.

This court's existing precedent is instructive. We have previously considered the interplay between section 316.193(3)'s reference to the general sentencing statute and section 316.193(5)'s probationary requirements. In *McGhee v. State*, 847 So. 2d 498 (Fla. 4th DCA 2003), the defendant argued that "under section 316.193(3)(c)1., a conviction for DUI causing damage to property is punishable solely as provided in section 775.082 and section 775.083[.]" *Id.* at 501. Despite section 775.082 merely outlining a first-degree misdemeanor's statutory maximum sentence, the *McGhee* court still held that section 316.193(5)'s mandatory probation and substance abuse course requirements were applicable to a conviction under section 316.193(3)(a)(b)(c)1. *Id.* at 504 ("Subsection (5) requires probation and DUI school on *any* violation of section 316.193."). Thus, we necessarily rejected the argument that section 316.193(3)'s sentencing parameters are solely provided by section 775.082.

Accordingly, we remand once again for *de novo* resentencing. The total sentence may not exceed fifteen years, and *shall* include a probationary period that, at a minimum, is of sufficient length to permit Appellant to complete a substance abuse course pursuant to section 316.193(5).

We are cognizant that section 316.193(5)'s mandatory requirements could be interpreted as preventing a trial court from *ever* sentencing a defendant to section 775.082's maximum fifteen-year prison term, because those requirements necessitate the defendant being placed on probation for a sufficient length of time to complete a substance abuse course at the end of the defendant's prison term. Because this issue is likely to recur, we certify the following question of great public importance to the Florida Supreme Court:

> DOES SECTION 316.193(5)'S REQUIREMENTS OF "MONTHLY REPORTING PROBATION" AND COMPLETION OF A SUBSTANCE ABUSE COURSE VITIATE A TRIAL COURT'S DISCRETION TO IMPOSE THE MAXIMUM FIFTEEN-YEAR PRISON SENTENCE PROVIDED IN SECTION 775.082, FLORIDA STATUTES?

5

*B. Written Judgment*

"DUI causing injury is not [a] mere enhancement of penalty for DUI, but a discrete crime." *McGhee*, 847 So. 2d at 501 n.2 (citing *Pulaski v. State*, 540 So. 2d 193 (Fla. 2d DCA 1989)). Indeed, a DUI conviction under section 316.193(1) is a lesser-included offense of DUI causing damage, serious bodily injury, or death. *See Bribiesca-Tafolla v. State*, 93 So. 3d 364, 366–67 (Fla. 4th DCA 2012); *Collins v. State*, 578 So. 2d 30, 32 (Fla. 4th DCA 1991), *receded from on other grounds by Jackson v. State*, 634 So. 2d 1103 (Fla. 4th DCA 1994) ("DUI is a lesser included offense of DUI manslaughter."); § 316.193(3)(a)(b)(c), Fla. Stat. (2011) (including a violation of subsection (1) as an element of subsection (3)). A defendant may not "be convicted for violating both (1) and (3) [of section 316.193] as part of a single offense." *McGhee*, 847 So. 2d at 501 n.2; *see also Claps v. State*, 971 So. 2d 131, 132–33 (Fla. 2d DCA 2007) ("mak[ing] explicit" that "a defendant may be charged and tried for both an offense and a necessarily lesser-included offense even though the defendant cannot ultimately be adjudicated and sentenced for both offenses due to the protections afforded by the prohibition against double jeopardy").

In *McGhee*, we considered the differences between a conviction under section 316.193(1), and a conviction under section 316.193(3). In that case, the defendant—who was sentenced under sections 316.193(3)(a)(b)(c)1. and 316.193(3)(a)(b)(c)3.—challenged the following special conditions of probation: that he "pay a $250 fine, attend Level 1 DUI school, perform fifty hours of community service, and have his car immobilized for ten days." *See id.* at 499–500.

In examining the special conditions' propriety, we considered section 316.193's plain language. *Id.* at 501. We stated that section 316.193(5)'s requirement for probation and DUI school *on any conviction* under section 316.193, compared to section 316.193(6)'s requirement for additional probation requirements for a *conviction under subsection (1),* was a "variation in wording" that was "a distinction with a difference." *Id.*

*McGhee* therefore held that section 316.193(6)'s special conditions of probation—fifty hours of community service and immobilization of the defendant's vehicle—were inapplicable to the defendant's conviction under section 316.193(3). *Id.* at 504. Moreover, this court also held that section 316.193(2)'s $250 fee was inapplicable, as section 316.193(2) also applied only to a conviction under 316.193(1). *Id.* at 502–04. However, because the defendant was convicted under section 316.193(3), we held that placing him on probation and imposing DUI school attendance was

6

appropriate under section 316.193(5), which applied to *any* conviction under section 316.193. *Id.* at 501, 504. Thus, *McGhee* acknowledged that a conviction under section 316.193(3) contains different penalties than a conviction under section 316.193(1).

In the instant case, Appellant was convicted under subsection (3) and not under subsection (1). Because *McGhee* made clear that an individual may not be convicted under both section 316.193(3) and section 316.193(1), and because DUI manslaughter is a separate and distinct offense from regular DUI, we hold it was error not to grant Appellant's 3.800(b)(2) motions.[3] We therefore instruct the trial court to remove the citation to section 316.193(1) on Appellant's written judgment. *See Hetrick v. State*, 539 So. 2d 31 (Fla. 4th DCA 1989) (remanding for "correction of the offense statute number contained on the judgment to show the actual crime for which the appellant was convicted and sentenced").

**Conclusion**

The trial court erred in failing to sentence Appellant to probation under 316.193(5), and in failing to correct Appellant's written judgment. The trial court therefore further erred in not granting Appellant's rule 3.800(b)(2) motions. Accordingly, we reverse and remand for a *de novo* resentencing and instruct the trial court to enter an amended written judgment consistent with this opinion. "Importantly, however, the trial court is *not* required to recall witnesses or take additional testimony; it may take judicial notice of the record from the previous sentencing hearing." *Fain v. State*, 308 So. 3d 190, 193 (Fla. 4th DCA 2020). We note that providing Appellant an opportunity to be present at the ensuing *de novo* resentencing is mandatory. *See Jordan v. State*, 143 So. 3d 335, 339 (Fla. 2014).

*Reversed and remanded for further proceedings consistent with this opinion; question of great public importance certified.*

GERBER and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

---

[3] The State concedes error as to the citation of section 316.193(1)(a) instead of section 316.193(1)(b). However, the State argues citation to both 316.193(1)(b) and 316.193(3)(a)(b)(c)3.a. is appropriate.