DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**REKEY DAVIES BELL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-3463

[November 10, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Sherwood Bauer Jr., Judge; L.T. Case No. 432015CF000591A.

Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Tallahassee, and Paul Patti III, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

Appellant appeals his sentences for DUI manslaughter and two counts of DUI with property damage, arguing that his sentences fail to comply with section 316.193(5), Florida Statutes (2019), and *Powers v. State*, 316 So. 3d 352 (Fla. 4th DCA 2021), due to the failure to include a probationary period and the completion of a substance abuse course. The state correctly concedes error. As such, we reverse and remand for resentencing. We affirm the remaining issue without comment.

A jury convicted appellant of DUI manslaughter, misdemeanor driving while license suspended, and two counts of DUI with property damage. The trial court adjudicated him guilty and sentenced him to fifteen years for DUI manslaughter, sixty days for driving with a suspended license, and one year for the two counts of DUI with property damage. The sentence for one DUI with property damage count was imposed consecutive to the DUI manslaughter count. The remaining sentences were concurrent.

Appellant moved to correct sentencing error, arguing that his DUI sentences failed to include a probationary period and the completion of a substance abuse course as required in *Powers*. He also pointed out scrivener's errors in the judgment of conviction. The trial court summarily denied the motion.

The denial of a motion to correct a sentencing error is reviewed de novo. *Powers*, 316 So. 3d at 354.

DUI manslaughter is a second-degree felony punishable by a maximum of fifteen years of imprisonment. §§ 316.193(3)(c)(3)(a), 775.082(3)(d), Fla. Stat. (2019). DUI with damage to property is a first-degree misdemeanor punishable by a maximum of one year of imprisonment. §§ 316.193(3)(c)(1), 775.082(4)(a), Fla. Stat. (2019). Additionally, relevant to the issue on appeal, when a defendant is convicted of any offense under section 316.193, "[t]he court shall place all offenders convicted of violating this section on monthly reporting probation and shall require completion of a substance abuse course . . . ." § 316.193(5), Fla. Stat. (2019). As previously explained by this court, "[s]ubsection (5) requires probation . . . on any violation of section 316.193." *McGhee v. State*, 847 So. 2d 498, 501 (Fla. 4th DCA 2003) (emphasis omitted). Thus, "everyone convicted of DUI, in whatever form, must complete a substance abuse course." *Id.* at 502.

In the instant case, appellant was convicted of three offenses under section 316.193: one count of DUI manslaughter and two counts of DUI with property damage. The trial court sentenced appellant to the statutory maximum for the offenses, but omitted the required probation and substance abuse course.

The parties agree that *Powers* is controlling. In *Powers*, the trial court sentenced the defendant to fifteen years in prison with a four-year mandatory minimum sentence for DUI manslaughter. 316 So. 3d at 353-54. After construing sections 316.193 and 775.082, this court reversed and remanded for a de novo resentencing, stating that "[t]he total sentence may not exceed fifteen years, and shall include a probationary period that, at a minimum, is of sufficient length to permit Appellant to complete a substance abuse course pursuant to section 316.193(5)." *Id.* at 356.

In accordance with *Powers* and section 316.193(5), we reverse and remand for a de novo resentencing. Appellant's total sentence may not exceed fifteen years for DUI manslaughter and one year for DUI with property damages, and at least one of the DUI sentences must include a probationary period of sufficient length to allow for completion of a

substance abuse course. *See generally McGhee*, 847 So. 2d at 499 (affirming defendant's sentence to 10.9 years of imprisonment for DUI manslaughter followed by six months of probation for DUI property damage); *State v. Patino*, 192 So. 3d 495, 496 (Fla. 2d DCA 2016) (affirming sentence of a mandatory minimum of four years in prison followed by eleven years of probation for DUI manslaughter and time served for DUI with property damage). The trial court may take judicial notice of the record from the previous sentencing hearing and need not recall witnesses and take additional testimony. *Powers*, 316 So. 2d at 358.

Because this issue is likely to recur, we certify the following question of great public importance to the Florida Supreme Court:

> DOES SECTION 316.193(5)'S REQUIREMENTS OF "MONTHLY REPORTING PROBATION" AND COMPLETION OF A SUBSTANCE ABUSE COURSE VITIATE A TRIAL COURT'S DISCRETION TO IMPOSE THE MAXIMUM PRISON SENTENCE PROVIDED IN SECTION 775.082, FLORIDA STATUTES?

Remand is also necessary, as the state concedes, to correct a scrivener's error on the judgment of conviction to reflect that appellant was found guilty of the second-degree misdemeanor of driving with license suspended in violation of section 322.34(2)(a), Florida Statutes (2019).

*Affirmed in part, reversed in part, and remanded for further proceedings.*

WARNER and KLINGENSMITH, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***

3