FULMER, Judge.
 

 Thomas Calvin Turner appeals the summary denial of his motion for presentence jail credit in two lower tribunal cases pursuant to Florida Rule of Criminal Procedure 3.800(a). Although Turner was granted relief in circuit court case number 06-13098, a successor judge deciding Turner’s motion for rehearing/motion for clarification erred when she failed to award credit in circuit court case number 06-3981. The impact of that decision is to render the credit ordered by the first judge in case number 06-13098 meaningless, as the sentences are being served concurrently. Accordingly, we affirm the order granting credit in case number 06-13098 but reverse and remand for the award of additional presentence credit in case number 06-3981.
 

 In 2007, Turner appeared for sentencing in both cases. In accordance with a negotiated plea agreement, Judge Wolfe sentenced Turner to concurrent 48-month prison terms in both cases, with credit for time served. Before the actual pronouncement of sentence, Turner’s attorney asked that his client be given credit for time spent while released on GPS monitoring. The parties and judge agreed that Turner had no right to such credit,
 
 see Licata v. State,
 
 788 So.2d 1063, 1063-64 (Fla. 4th DCA 2001), but concluded that it could be awarded in the judge’s discretion. Judge Wolfe then pronounced the following: “Give him credit for all time served, noting the Court nor his attorney can tell him how many days that will be. That the Court has no objection to give him credit for the time that he was in County Jail as well as on the GPS monitor.”
 

 Because the court ordered the sentences in each case number to be served concurrently, the jail credit was to be applied to the sentences in both cases. “[WJhen ... a defendant receives pre-sen-
 
 *87
 
 tence jail-time credit on a sentence that is to run
 
 conc.wrre.ntly
 
 with other sentences, those sentences must also reflect the credit for time served.”
 
 Daniels v. State,
 
 491 So.2d 543, 545 (Fla.1986);
 
 see also Netherly v. State,
 
 873 So.2d 407, 410 (Fla. 2d DCA 2004).
 

 Because the credit was not reflected on the sentencing documents, in January 2008, Turner filed a motion to correct illegal sentence seeking credit for the time spent on GPS monitoring. Unfortunately, the caption of Turner’s motion carried only case number 06-13098, although in the body of the motion he referred to the other case (“violation of probation”). Judge Wolfe reviewed the motion and the transcripts of the sentencing hearing in both cases, as well as the sentencing documents. Because he had awarded the credit at sentencing, Judge Wolfe granted Turner’s motion to correct illegal sentence and directed the clerk of court to prepare an amended sentence reflecting Turner’s entitlement to 338 days of jail credit in case number 06-13098.
 

 Fifteen days after Judge Wolfe entered the order granting relief, Turner filed a motion for rehearing/motion for clarification seeking correction of the jail credit in case number 06-3981 and asserting that even though he had overlooked writing both case numbers on his motion, Judge Wolfe clearly intended to grant credit in both cases. For some reason, this motion was referred to Judge Pomponio, who treated it as a motion for clarification and denied it. Judge Pomponio reasoned that Turner was not entitled to credit either legally or factually. However, it appears that Judge Pomponio incorrectly interpreted a letter from the Sheriffs office referring to “Recision from GPS Program” as indicating the date that Turner was placed on GPS monitoring rather than the date that he was taken off monitoring and sent to jail. Based on the erroneous omission of days spent on GPS monitoring from August 11, 2006, to December 19, 2006, as well as jail time from December 19, 2006, until sentencing on June 5, 2007, the judge decided that Turner had been given all the credit he was due.
 

 In addition to the error in calculation of the credit, we are concerned that Judge Pomponio’s order effectively rescinded jail credit that Judge Wolfe had ordered — both at the original hearing and in the order granting Turner’s motion to correct sentence. Because the sentences were running concurrently, the additional credit was required to be applied in both cases. Furthermore, our court “has repeatedly held that a trial court may not rescind jail credit previously awarded even if the initial award was improper.”
 
 Lebron v. State,
 
 870 So.2d 165, 165 (Fla. 2d DCA 2004);
 
 see also Wheeler v. State,
 
 880 So.2d 1260, 1261 (Fla. 1st DCA 2004).
 
 Contra Gallinat v. State,
 
 941 So.2d 1237 (Fla. 5th DCA 2006) (finding no double jeopardy violation if the trial court simply corrects an award of jail credit that is clearly incorrect based on the face of the record).
 

 Accordingly, we affirm the order granting credit in case number 06-13098 but reverse the order denying clarification and remand for Turner’s sentences in both case numbers 06-13098 and 06-3981 to be amended to reflect Turner’s entitlement to 338 days of jail credit on all counts of both cases.
 

 Reversed and remanded.
 

 VILLANTI and KHOUZAM, JJ., Concur.