MORRIS, Judge.
Dwayne King appeals the summary denial of his motion to correct an illegal *1248 sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Because we agree that King is entitled to additional jail credit, we reverse and remand.
King was first arrested pursuant to the charges in case number 04-009120 on May 13, 2004. He was released on bond sixteen days later on May 28, 2004. He was later taken back into custody, and his bond was revoked for a separate offense in case number 03-021911 on October 31, 2005. King remained in jail awaiting trial until July 27, 2006. On that date, after being convicted by a jury of two offenses in case number 04-009120 for which the court imposed consecutive five-year sentences, the trial court also sentenced King on five pending cases in which he pleaded guilty in his best interest. For all of those cases, which included case number 03-021911, Bang received sentences of one year and one day, all to run concurrently with each other and with the sentences imposed in case number 04-009120.
King filed the present rule 3.800(a) motion seeking 269 days of jail credit in case number 04-009120 for the time he spent in Hillsborough County jail from October 31, 2005, through his sentencing on July 27, 2006. The postconviction court summarily denied King’s motion on the ground that a defendant “is only entitled to credit against each sentence for the time spent in jail for the charge which led to that sentence.” Keene v. State, 500 So.2d 592, 594 (Fla. 2d DCA 1986). Because King’s bond was revoked only in case number 03-021911, the postconviction court concluded that King was not entitled to additional credit.
However, in his rule 3.800(a) motion, King pointed to specific portions of the record indicating that the sentencing judge orally awarded him credit for the time he spent in jail from October 2005 until the sentencing hearing in all cases— including case number 04-009120. At sentencing, the judge and the defense attorney engaged in a somewhat extensive discussion of jail credit. The defense attorney recognized that the bond in case number 03-021911 was specifically revoked as to that case only; however, his client remained in jail from the time that bond was revoked on October 31, 2005, through the date of sentencing. After a discussion with a clerk, the judge concluded: “Fine. Just give him credit from October 31st.” Later, the judge repeated that he should “get full credit on all these from October 31st, '05.” However, the written sentence in case number 04-009120 reflects only seventeen days of jail credit: sixteen days for the time spent before being released on bond and one day for the day of sentencing. The discrepancy between the oral pronouncement and written sentence is a valid basis for an illegal sentence claim under rule 3.800(a). Williams v. State, 957 So.2d 600, 605 (Fla.2007). When the written sentence and oral pronouncement conflict, the oral pronouncement controls. State v. Akins, 69 So.3d 261, 269 (Fla.2011).
The postconviction court is correct that King was not entitled to the additional credit in case number 04-009120 because his bond was only revoked as to case number 03-021911 in October 2005. Nevertheless, the sentencing court had the discretion to award the credit on all concurrent sentences, including case number 04-009120, and the transcript clearly indicates that intent. Failure to correct the sentence now to include the award of credit would be tantamount to rescinding previously awarded jail credit. “[T]his court has repeatedly held that a trial court may not rescind jail credit previously awarded even if the initial award was improper.” Lebron v. State, 870 So.2d 165, 165 (Fla. 2d DCA 2004). To do so would constitute an *1249 illegal enhancement of King’s sentence. See Linton v. State, 702 So.2d 236, 236 (Fla. 2d DCA 1997).
Accordingly, we reverse the denial of King’s motion for jail credit and remand for the postconviction court to amend King’s sentence in case number 04-009120 to reflect his entitlement to the additional 269 days’ jail credit.
Reversed and remanded.
WHATLEY and KELLY, JJ., Concur.