GERBER, J.
The state appeals the circuit court’s sentence in this Broward County case awarding the defendant credit for time served in the Brevard County jail. The state argues that, pursuant to our previous decision in Gethers v. State, 798 So.2d 829 (Fla. 4th DCA 2001), approved, 838 So.2d 504 (Fla.2003), the defendant was not entitled to credit for time served in the Brevard County jail because he was not being detained there for the Broward County case. We agree with the state and reverse.[1]
*185 The defendant first was charged in Bro-ward County. He entered into a plea agreement with the state, his sentencing was deferred, and he was released on bond. Later, the defendant was charged with new offenses in Brevard County. While the defendant was detained in the Brevard County jail, the defense asked the state not to seek to revoke the defendant’s bond in the Broward County case until his Brevard County charges were resolved. Thus, the defendant was not being detained in Brevard County for the Broward County case.
After the court in Brevard County sentenced the defendant to state prison, he was returned to Broward County. The state and the defendant agreed to a seven-year prison sentence on the Broward County case. However, the defendant then requested the court to “exercise its discretion” to award the defendant credit for time served in the Brevard County jail on the Broward County case. The state objected, arguing that the court could not award the defendant such credit because he was not being detained in the Brevard County jail for the Broward County case. The court granted the defendant’s request.
This appeal followed. The state argues that, pursuant to Gethers, the defendant was not entitled to credit for time served in the Brevard County jail because he was not being detained there for the Broward County case. Our review is de novo. See Moore v. State, 882 So.2d 977, 980 (Fla.2004) (the standard of review of an issue involving credit for time served which raises a pure question of law is de novo).
We agree with the state’s argument and its reliance on Gethers. In Gethers, the defendant had charges pending in St. Lu-cie County when he was arrested in Bro-ward County. After spending several months in the Broward County jail, he was sentenced to prison on the Broward County charge. Several months later, he was returned to St. Lucie County to answer to the charges pending in that county. The circuit court in St. Lucie County ruled that the defendant was entitled to credit only for the days he spent in the St. Lucie County jail. We affirmed, reasoning:
The seminal case in this area is Daniels v. State, 491 So.2d 543 (Fla.1986). That case construed language now in section 921.161(1), Florida Statutes (2000), which provides:
A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence[2]
(Emphasis supplied). The statute refers to “the” county jail, not “any” county jail. This choice of article suggests a narrow reading of the statute; it contemplates the typical situation where a defendant spends time in jail awaiting final resolution of a case in the county where charges are pending. The statute was not written to accommodate the mobile, prolific offender whose criminal transgressions span the state.
The proper reading of section 921.161(1) is that a defendant is entitled to credit for each day in jail attributable to the charge for which a sentence is pronounced. Nothing in the statute suggests that a day in jail has some metaphysical credit value dependent on the number of cases a defendant has pending around the state. The statute should not be construed so that the *186 credit value of a day in jail expands with the number of cases a defendant has pending in different Florida counties. We doubt that the legislature wrote section 921.161 to reward recidivism.
Gethers, 798 So.2d at 831. Our reasoning in Gethers applies equally here.
The defendant properly concedes that, if the situation was reversed and the circuit court denied his request, he would have had no recourse on appeal because he was not entitled to the credit for time served under either statute or case law. Instead, he argues that the court’s granting of his request was a proper exercise of discretion. In support, the defendant relies on King v. State, 86 So.3d 1247 (Fla. 2d DCA 2012). However, King is distinguishable from both Gethers and this case.
In King, the defendant was charged in two separate cases in Hillsborough County. He was released on bond. He was later taken back into custody at the Hills-borough County jail, but his bond was revoked on only the earlier-filed case. At sentencing on both cases, a circuit judge orally awarded him credit for time served on both cases after he was taken back into custody. However, because the written sentence did not award him such credit on the later-filed case, the defendant filed a motion to correct an illegal sentence. A different circuit judge denied the motion on the ground that the defendant “ ⅛ only entitled to credit against each sentence for the time spent in jail for the charge which led to that sentence.’ ” Id. at 1248 (quoting Keene v. State, 500 So.2d 592, 594 (Fla. 2d DCA 1986)). The second district reversed, reasoning:
The discrepancy between the oral pronouncement and written sentence is a valid basis for an illegal sentence claim under rule 3.800(a). When the written sentence and oral pronouncement conflict, the oral pronouncement controls.
The postconviction court is correct that [the defendant] was not entitled to the additional credit in [the later-filed case] because his bond was only revoked as to [the earlier-filed case] .... Nevertheless, the sentencing court had the discretion to award the credit on all concurrent sentences, including [the later-filed case], and the transcript clearly indicates that intent. Failure to correct the sentence now to include the award of credit would be tantamount to rescinding previously awarded jail credit. This court has repeatedly held that a trial court may not rescind jail credit previously awarded even if the initial award was improper. To do so would constitute an illegal enhancement of [the defendant’s] sentence.
King, 86 So.3d at 1248-49 (second emphasis added; brackets, citations, and internal quotations omitted).
King is distinguishable for two reasons. First, the primary basis for reversal in King was the discrepancy between the oral pronouncement and the written sentence; no such discrepancy exists here. Second, the two cases for which the defendant was sentenced in King arose in Hillsborough County, and the defendant served time in only the Hillsborough County jail. Thus, the reasoning in Gethers would not have applied in King. Here, however, the two cases at issue arose in two different counties, and the defendant, at his request, was not detained in the Brevard County jail for the Broward County case. Thus, the reasoning in Gethers applies here.
Based on the foregoing, we remand for the circuit court to correct the defendant’s sentence to not include the 167 days credit for time served in the Brevard County jail. The defendant’s sentence shall include only the 255 days of credit for time served in the Broward County jail. It shall not be necessary for the defendant to be pres *187 ent when the court makes this ministerial correction to the defendant’s sentence.

Reversed and remanded for correction of sentence.

POLEN, J., and McMANUS, F. SHIELDS, Associate Judge, concur.

. We have jurisdiction under Florida Rule of Appellate Procedure 9.140(c)(l)(M) (2011) ("The state may appeal an order ... imposing an unlawful or illegal sentence_”).

. The language of section 921.161(1), Florida Statutes (2011), remains as it existed in 2000.