GRIFFIS, P.J.,
for the Court:
¶ 1. Ruben Whittle appeals the Mississippi Workers’ Compensation Commission’s decision that he suffered no compen-sable injury to his back as a result of a truck accident. Whittle argues that the evidence was sufficient to meet his burden of proof to establish that he suffered a compensable injury. We find reversible error and remand for further proceedings consistent with this opinion.
FACTS AND PROCEDURAL HISTORY
¶2. Whittle was employed as a truck driver for Tango Transport. On April 17, 2009, Whittle suffered an on-the-job injury when his truck was struck from behind by a dump truck while he was stopped at a railroad crossing.
¶ 8. The accident occurred while Whittle was making an out-of-state delivery. Whittle was unable to report to the emer *1159 gency room ■ immediately after the accident, because he had to remain out-of-state over the weekend to make the delivery. The delivery location was closed over the weekend.
¶ 4. Whittle returned home and reported to the emergency room of Memorial Hospital in Gulfport, Mississippi, on April 21, 2009. Whittle complained of pain all over his body.
¶ 5. Whittle was referred to Dr. Nyron Marshall, who began to treat him on April 22, 2009. Whittle complained of pain in his knees, stomach, back, elbow, neck, and shoulder. Dr. Marshall treated Whittle for his knee pain, which included a referral to physical therapy. Whittle was released to return to light-duty work on May 4, 2009. After further treatment, Dr. Marshall released Whittle to full duty on May 14, 2009. Dr. Marshall stated that Whittle could work with no restrictions.
¶ 6. Dr. Marshall referred Whittle to Dr. Lance Johansen, an orthopedic surgeon. Dr. Johansen treated Whittle from July 27, 2009, until he released Whittle to full duty on August 28, 2009. Dr. Johan-sen’s treatment focused mostly on Whittle’s knees. Dr. Johansen’s notes mentioned that Whittle was “doing exercises for his lower back.”
¶ 7. In October 2009, Dr. Johansen referred Whittle for a functional-capacity evaluation. The evaluation report reflected that Whittle complained of pain in his knee, neck, back, and body; had knee problems; had decreased range of motion in his lumbar spine; and endured pain when he bent forward. The therapist placed Whittle in the heavy-work category after his evaluation.
¶ 8. One week later, on October 15, 2009, Whittle went to the Memorial Hospital emergency room and complained of severe back pain. He was initially treated by Dr. Cyril Bethala for congestive heart failure, renal insufficiency, and uncontrolled hypertension. Whittle was then treated by Dr. Lee Voulters due to his back-pain complaints. Whittle complained that he had back pain since the accident. Dr. Voulters diagnosed Whittle with chronic lumbosacral sprain syndrome and ordered an MRI. The MRI was not performed because Tango and its workers’ compensation insurance carrier, Zurich American Insurance Company, did not authorize payment for an MRI.
¶ 9. On December 23, 2009, Whittle filed a petition to controvert. The petition alleged that Whittle sustained a work-related injury to his knees, arms, back, and neck. In their response, Tango and Zurich admitted Whittle’s work-related injury.
¶ 10. On March 1, 2010, Dr. David Col-lipp performed an independent medical evaluation of Whittle, at the request of Tango and Zurich. Dr. Collipp noted tenderness around the L5-S1 vertebrae in Whittle’s back, areas of tightness, and decreased range of motion in Whittle’s lower back. Dr. Collipp opined, however, that Whittle’s back problems were not causally related to the motor-vehicle accident. Instead, Dr. Collipp opined that the back problems were a result of degenerative changes coupled with Whittle’s general physical condition. Dr. Collipp concluded that the October 2009 episode was an acute change that occurred around that time. Dr. Collipp further noted that because Whittle made no ongoing complaints of back pain, or of back pain worsening, there was no gradual progression of any back injury claimed to have been sustained in the accident.
¶ 11. Dr. Robert White, a neurosurgeon, also testified based on his review of Whittle’s medical records. Dr. White did not examine Whittle. Dr. White diagnosed *1160 Whittle with preexisting cervical and lumbar disc disease with a recurrent lumbar sprain and a resolved acute cervical sprain. Dr. White opined that Whittle’s back condition was not related to the work accident. However, Dr. White testified, “I would have to assume that there was some element of cervical and lumbar sprain originally and acutely after the injury itself.”
¶ 12. After a hearing, the administrative judge issued an order that found that Whittle had met his burden of proof that he sustained a work-related back injury from the April 2009 accident, and that his back injury was causally connected to the accident. The judge based the decision on Whittle’s consistent reports of back pain during his various doctor and hospital visits as well as the testimony of Dr. Voul-ters, who related Whittle’s back condition to the accident.
¶ 13. On appeal, the Commission reversed the judge’s order. The Commission held that Whittle had failed to meet his burden of proof that his back injury was work-related and therefore compensa-ble. The Commission’s decision was based on the fact that several months elapsed between Whittle’s initial hospital visit after the accident and when he ultimately sought treatment for his back injury, despite his complaints about his back during that time. The Commission also cited Dr. Collipp’s opinion that found that Whittle’s back injury was not causally related to his accident.
¶ 14. The decision was timely appealed to the circuit court, which affirmed the Commission’s decision. That decision was appealed and assigned to this Court.
STANDARD OF REVIEW
¶ 15. This Court employs a substantial-evidence standard of review to resolve a workers’ compensation case; however, the standard of review is de novo when the issue is one of law and not of fact. Hugh Dancy Co. v. Mooneyham, 68 So.3d 76, 79 (¶ 6) (Miss.Ct.App.2011) (citation omitted). “Absent an error of law, we must affirm the Commission’s decision if there is substantial evidence to support the Commission's decision.” Id. (citing Shelby v. Peavey Elecs. Corp., 724 So.2d 504, 506 (¶ 8) (Miss.Ct.App.1998)). “In a workers’ compensation case, the Commission is the trier and finder of facts.” Id. (citing Radford v. CCA-Delta Corr. Facility, 5 So.3d 1158, 1163 (¶ 20) (Miss.Ct.App.2009)). If the Commission’s order is supported by substantial evidence, this Court is bound by the Commission’s determination even if the evidence would convince us otherwise if we were the fact-finder. Id. (citation omitted). “On the other hand, reversal is proper where the Commission has misapprehended the controlling legal principles, as the standard of review in that event is de novo.” Id. (citation omitted).
ANALYSIS
¶ 16. Whittle argues that the evidence he provided was sufficient to meet his burden of proof, which would entitle him to workers’ compensation benefits for his back injury. Hence, Whittle argues that the Commission’s decision should be reversed.
¶ 17. The Commission has a duty, as the finder of fact, to evaluate and determine the weight of the evidence. Daniels v. Peco Foods of Miss., Inc., 980 So.2d 360, 365 (¶ 16) (Miss.Ct.App.2008) (citation omitted). “Where there is conflicting medical testimony, the Commission has the responsibility to apply its expertise and determine which evidence is more credible.” Washington v. Woodland Village Nursing Home, 25 So.3d 341, 355 (¶ 33) (Miss.Ct.App.2009) (citation omitted). Because the Commission is the fact-finder and also the judge of witness credi *1161 bility, appellate courts cannot reweigh the evidence and are thus highly deferential to the Commission’s decisions. Short v. Wilson Meat House, LLC, 86 So.3d 1247, 1251 (¶ 23) (Miss.2010). Further, this Court has ruled that “whenever the expert evidence is conflicting, the Court will affirm the Commission[’s decision] whether the award is for or against the claimant.” Raytheon Aero. Support Servs. v. Miller, 861 So.2d 330, 336 (¶ 13) (Miss.2003) (citation omitted).
¶ 18. However, “although this Court must defer to the Commission on issues of the weight and credibility to be given to the testimony and evidence, the Commission’s ultimate decision must be based on substantial evidence.” Guy v. B.C. Rogers Processors, Inc., 16 So.3d 29, 35 (¶ 24) (Miss.Ct.App.2008) (citation omitted). Further, “[w]hen the testimony is undisputed and not so unreasonable as to be unbelievable, taking into account the factual setting of the claim, the claimant’s testimony generally ought to be accepted as true.” Id. at 35-36 (¶ 25) (citation and internal punctuation omitted). “Contradiction exists when there is affirmative evidence to the contrary.” Id. at 36 (¶ 25) (citation omitted). Therefore, when the medical testimony is insufficient to provide affirmative evidence that fully contradicts the claimant’s testimony, then the claimant has satisfied his or her required burden of proof. Id. at (¶ 26) (citation omitted).
¶ 19. We find that the Commission’s decision was not supported by substantial evidence. The Commission ruled:
Based on the evidence as a whole, the Commission finds that Claimant has failed to meet his burden of proof to establish that he sustained a compensa-ble back injury on April 17, 2009. Although the evidence establishes that Claimant complained of back pain among other conditions during the initial period of medical treatment after the accident, his treatment with Dr. Marshall and Dr. Johansen was for bilateral knee injuries, after which he was subsequently released with no restrictions. A significant number of months elapsed from his initial release until Claimant ultimately sought treatment in October of 2009 for the alleged back injury during a hospital admission wherein he was also treated for hypertension and congestive heart failure. The findings of Dr. Collipp also indicate that Claimant’s low back pain is not causally related to the work-related accident.
The Commission based its decision on the fact that, despite Whittle’s complaints of back pain, his main treatment with both Dr. Marshall and Dr. Johansen was for bilateral knee injures, not his back injury. And he was subsequently released to work with no restrictions. Whittle did not seek treatment for his back injury until October 2009.
¶ 20. We note that, at that time, both Dr. Voulters and Dr. Marshall opined, to a reasonable degree of medical certainty, that Whittle’s back injury was caused by the accident. Further, we note that Dr. Johansen was given permission by Zurich to only treat Whittle’s knee injury.
¶21. Dr. Collipp and Dr. White found no causal connection between Whittle’s back injury and the work-related accident. However, these findings did not contradict the medical testimony of Dr. Voulters and Dr. Marshall. Dr. Collipp indicated that he did not review Whittle’s x-rays or MRIs. Dr. Collipp testified:
Q: What’s the etiology of his back pain at the present time then?
A: I would say probably lumbar degenerative change associated with his morbid obesity and general decondi-tioning.
*1162 Q: And what do you base degenerative changes on? Do you have — have you looked at any studies to determine whether there’s any degenerative changes?
A: Only his physical examination which is sufficient to show degenerative changes.
Q. You haven’t looked at any of the x-rays or MRIs to make an independent determination of degenerative disc disease?
A. No, sir. I’m going by physical examination.
Further, Dr. White’s findings were based on an incomplete review of Whittle’s medical records and without an examination. Dr. White also indicated that there was an acute injury of the back related to the accident.
¶ 22. This Court has previously reversed a denial of compensation benefits when the Commission relied on medical testimony that failed to consider evidence of a causal connection and was based on insufficient facts. Guy, 16 So.3d at 36 (¶ 28). In Guy, the medical testimony of the doctor who found no causal connection between the claimant’s stress at work and the stroke she suffered failed to consider the actual MRI scan of the claimant after she suffered the stroke along with any type of history of physical or emotional stress of the claimant. Id. at 36-37 (¶¶ 27-29). The doctor testified that he did not have any of that information available to him and, therefore, did not consider it when he made his findings. Id. Therefore, the Commission’s decision was not based on substantial evidence and was reversed. Id. at 37 (¶¶ 30-31).
¶ 23. Here, we find that Whittle met his burden of proof to establish that his back injury was work-related and thus compen-sable. Whittle originally went to the emergency room in April 2009, four days after his accident. He complained of pain in his back and all over his body. Whittle returned to the emergency room in October 2009 for treatment for severe back pain that he experienced less than six months from the original date of the accident. At that time, both Dr. Voulters and Dr. Marshall found, with a reasonable degree of medical certainty, that the accident caused his back injury after Whittle reported his back injury and the accident. Between that first emergency-room visit, four days after the accident, until the October emergency-room visit six months later, the medical records reveal that Whittle consistently complained of back pain and made reference to his back injury. Dr. Marshall noted, during Whittle’s post-hospitalization follow-up visit in July, that Whittle had lower-back pain and neck pain after being hit from behind in a motor-vehicle accident. Dr. Johansen’s medical records indicate that Whittle mentioned that he was doing “exercises for his lower back.” Whittle’s functional-capacity evaluation reflected that Whittle complained of pain in his back as well as other areas, had decreased range of motion in his lumbar spine, and endured pain when he bent forward. Finally, medical records of Whittle’s October emergency-room visit demonstrated that Whittle gave a history of severe back pain caused by the accident and stated that the current upper-back pain and right-posterior back pain he suffered was caused by the accident.
¶ 24. Hence, we find that the Commission’s decision was not supported by substantial evidence, and reverse the Commission’s decision. We remand this case to the Mississippi Workers’ Compensation Commission for further proceedings consistent with this opinion.
¶ 25. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS REVERSED, AND THIS *1163 CASE IS REMANDED TO THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR. CARLTON, J„ DISSENTS WITH SEPARATE WRITTEN OPINION.