NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA, )
)
             Appellant, )
)
v. )      Case No. 2D14-2146
)
ROXANA A. PATINO, )
)
             Appellee. )
                          )

Opinion filed February 17, 2016.

Appeal from the Circuit Court for
Hillsborough County; Samantha L. Ward,
Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Christina Zuccaro,
Assistant Attorney General, Tampa, for
Appellant.

Kim Suzanne Seace of Kim Seace, P.A.,
Tampa, for Appellee.


PER CURIAM.

          Roxana Patino entered an open guilty plea to DUI manslaughter and DUI

with property damage.  On the DUI manslaughter conviction, the trial court sentenced

her to the statutory mandatory minimum term of four years in prison pursuant to section

316.193(3)(c)(3), Florida Statutes (2012), to be followed by eleven years of probation.

The trial court awarded Patino 540 days of jail credit.  On the DUI with property damage

conviction, the trial court sentenced Patino to time served. The State appeals Patino's sentence, arguing that the jail credit award was improper. See Fla. R. App. P. 9.140(c)(1)(M).

Following her arrest on the DUI charges, Patino spent two days in county jail. She was then released on bond. As conditions of her bond she was required to wear a GPS monitor and to remain at home unless she was at work, medical appointments, or meetings with her attorney. Patino was permitted to drive for work purposes. Patino wore the GPS monitor as part of her home detention for 538 days.

Both before and after the trial court accepted her plea, Patino, the State, and the trial court discussed the issue of jail credit. Patino asked the trial court to award her 540 days of jail credit, to be applied to her four-year mandatory minimum prison sentence. She claimed entitlement to the two days she spent in jail and to the 538 days she wore the GPS monitor while released on bond, pursuant to section 921.161(1), Florida Statutes (2012).

Relying on Turner v. State, 32 So. 3d 86 (Fla. 2d DCA 2009), the trial court granted Patino's request for 540 days of jail credit. Acknowledging that Patino was "not legally entitled by law" to credit for time on GPS monitoring, the trial court noted that Turner "holds that it's discretionary for the [c]ourt to award that [credit]." Further, and despite finding that Patino was not legally entitled to credit, the trial court found that the GPS monitoring in Patino's case "is a coercive deprivation of liberty as contemplated under Florida Statute 921.161," which mandates credit for such deprivation. The State objected to the credit for time spent on GPS monitoring.

- 2 -

The trial court erred in both of its findings. The State has framed the legal issues as whether the 538 days of GPS monitoring qualify as jail credit and whether such an award renders Patino's sentence unlawful and illegal in part. Although it did not expressly allocate the award of jail credit, the trial court correctly granted Patino's request for credit for the two days she spent in county jail. See § 921.161(1). The trial court erred, however, in granting Patino 538 days of credit for the time she was subject to GPS monitoring. Section 921.161(1) requires credit for time served "in any institution serving as the functional equivalent of a county jail." State v. Cregan, 908 So. 2d 387, 389 (Fla. 2005) (emphasis omitted) (quoting Tal-Mason v. State, 515 So. 2d 738, 740 (Fla. 1987)). GPS monitored home detention does not hit that mark. See Sweitzer v. State, 46 So. 3d 1132, 1132-33 (Fla. 1st DCA 2010) (stating that the postconviction court correctly denied defendant's motion for jail credit for time spent on bond with GPS monitoring and "that a person who remains free while on pretrial release, despite some restrictions, is not entitled to [jail] credit" for that time); McCarthy v. State, 689 So. 2d 1095, 1096 (Fla. 5th DCA 1997) ("A house arrest program in which the defendant wears an electronic bracelet used for monitoring his whereabouts . . . imposes restraints on the defendant's liberty prior to trial, but the conditions do not impose on the defendant restraints which are so onerous as to be equivalent to incarceration in the county jail or the forensic ward of a mental hospital."). Consequently, the trial court lacked specific authority to award jail credit for the time Patino was subject to GPS monitoring. Because the GPS monitoring was not the "functional equivalent of a county jail," the credit for the 538 days of such monitoring was unlawful. See State v. Brogan, 100 So. 3d 184, 185 (Fla. 4th DCA 2012).

Further, the trial court erred in finding that our opinion in Turner gave it discretion to award credit for time spent on GPS monitoring. Turner simply reiterates the established rule that "a trial court may not rescind jail credit previously awarded even if the initial award was improper" and where the State has not appealed the issue. 32 So. 3d at 87 (quoting Lebron v. State, 870 So. 2d 165, 165 (Fla. 2d DCA 2004)); accord King v. State, 86 So. 3d 1247, 1248 (Fla. 2d DCA 2012). In Turner, the defendant was sentenced at one hearing, pursuant to a negotiated plea agreement, in two cases. Although the parties and the trial court agreed that Turner had no legal right to credit for time spent on GPS monitoring while on pretrial release, the trial court awarded credit for that time in both cases. However, the orally pronounced jail credit was not reflected on either written sentence. When Turner later filed a motion to correct illegal sentence, he cited only one of his two cases. The postconviction court granted his motion as to that case and rendered a corrected sentencing document. Some two weeks later, Turner filed a motion in his other case, asserting that he was entitled to jail credit in both cases as this was the sentencing court's intention. The postconviction court denied Turner's second motion. We reversed, concluding that the previously awarded and unchallenged jail credit was required to be applied in both cases, even where the initial award of the credit was improper. Within this conclusion is the necessary implication that improperly awarded jail credit can and must be challenged timely by the State, as is the case here. To conclude otherwise would negate the usefulness of rule 9.140(c)(1)(M). Turner simply does not stretch as far as the trial court thought.

- 4 -

Here, the State has properly appealed an erroneous award of jail credit which renders Patino's sentence unlawful.  See Gardner v. State, 30 So. 3d 629, 633-34 (Fla. 2d DCA 2010) (Altenbernd, J., dissenting) ("[T]he original sentence was subject to reversal on appeal by the State . . . ."), majority disapproved by and dissent cited with approval in Dunbar v. State, 89 So. 3d 901 (Fla. 2012).  Nothing in Turner can be read to suggest otherwise.  Cf. Dunbar, 89 So. 3d at 906 (stating that a defendant's sentence is subject to reversal on a well-taken State appeal).  Because the time Patino spent on GPS monitoring is not the functional equivalent of jail, that aspect of her sentence is unlawful and must be stricken.

The State has not challenged any other aspect of Patino's sentence. Aside from the 538 days of credit for GPS monitoring, Patino's sentence is legal.  Thus, we affirm Patino's sentence but remand for the trial court to strike the 538 days of GPS monitoring credit.  This is a ministerial act and Patino need not be present.  See Brogan, 100 So. 3d at 186-87.

Affirmed; remanded with directions.


LaROSE, BLACK, and SALARIO, JJ., Concur.