IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TACOBY CHARLES ROSS,

        Appellant,

v.

STATE OF FLORIDA,

        Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-4050

Opinion filed July 20, 2017.

An appeal from the Circuit Court for Escambia County.
John L. Miller, Judge.

Andy Thomas, Public Defender, Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Daniel R. Krumbholz and Thomas H. Duffy, Assistant Attorneys General, Tallahassee, for Appellee.

PER CURIAM.

Appellant appeals the trial court's denial of his Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct a sentencing error. The trial court stated that it denied Appellant's motion, because it was required to be filed under Florida Rule of Criminal Procedure 3.801. The issue before us is whether Appellant can

seek credit for time served via Florida Rule of Criminal Procedure 3.800(b)(2) during the pendency of a direct appeal.

"If an appeal is pending, a defendant or the state may file in the trial court a motion to correct a sentencing error." Fla. R. Crim. P. 3.800(b)(2). A motion to correct a final sentence may be filed under Florida Rule of Criminal Procedure 3.801. Fla. R. Crim. P. 3.801(a). Appellant filed his motion during the pendency of his appeal, not after his sentence became final. In the Court Commentary to rule 3.801, the language of the 2013 adoption states that "all jail credit issues must be handled pursuant to this rule"; however, the 2016 Amendment to rule 3.801 clarifies that "rule 3.801 applies to final sentences." *Id.* The State concedes error on this issue. We reverse and remand for the trial court's consideration of Appellant's motion on the merits.

REVERSED AND REMANDED.

B.L. THOMAS, C.J., LEWIS and ROWE, JJ., CONCUR.