NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SEAN PATRICK BRADY,                    )
                                       )
            Appellant,                 )
                                       )
v.                                     )          Case No. 2D16-4972
                                       )
STATE OF FLORIDA,                      )
                                       )
            Appellee.                  )
_____)

Opinion filed June 29, 2018.

Appeal from the Circuit Court for Lee
County; Bruce Kyle, Judge.

Howard L. Dimmig, II, Public Defender, and
Lisa B. Lott, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cornelius C. Demps,
Assistant Attorney General, Tampa, for
Appellee.

KHOUZAM, Judge.

        Sean Patrick Brady appeals the revocations of his probation and his

resulting sentences in two circuit court cases.  We affirm without comment the

revocations and his sentences, but we reverse and remand for the correction of his

written sentences to reflect the proper amount of jail credit awarded.

Mr. Brady was placed on probation for a term of sixty months following his no contest pleas to burglary of an unoccupied conveyance in case 13-CF-017782 and burglary of an unoccupied conveyance in case 13-CF-018576. Over two years later, Mr. Brady was charged with violating conditions three and five of his probation. Under a negotiated plea agreement, Mr. Brady admitted to violating those conditions in exchange for a concurrent thirty-six-month prison sentence with credit for time served. The trial court subsequently revoked Mr. Brady's probation and sentenced him in accordance with the negotiated plea agreement. His written sentences, however, reflected that he was entitled to only eighty-five days of jail credit in both cases.

During the pendency of this appeal, Mr. Brady filed a timely motion to correct a sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2), alleging that he was entitled to additional jail credit. The State conceded error, requesting that the trial court amend the sentences to reflect that Mr. Brady was entitled to a total of 186 days of jail credit in case 13-CF-017782 and a total of 185 days of jail credit in case 13-CF-018756. However, the trial court dismissed Mr. Brady's request for additional jail credit as premature because it believed that "such claims must be brought pursuant to rule 3.801 . . . once the appeal has been decided."

Mr. Brady now argues that the trial court erred in dismissing his request for additional jail credit because rule 3.800(b)(2) specifically provides for such a correction during the pendency of a direct appeal. In response, the State contends that the trial court properly dismissed Mr. Brady's motion because Florida Rule of Criminal Procedure 3.801 is the "exclusive vehicle available for [Mr. Brady] to raise jail credit issues."

Rule 3.800(b) provides: "A motion to correct any sentencing error, including an illegal sentence or incorrect jail credit, may be filed as allowed by this subdivision." It further provides that "[i]f an appeal is pending, a defendant or the state may file in the trial court a motion to correct a sentencing error." Fla. R. Crim. P. 3.800(b)(2). That is, as the First District explained in Ross v. State, 221 So. 3d 1290 (Fla. 1st DCA 2017), a defendant may seek additional jail credit for time served in a timely motion to correct a sentencing error during the pendency of his or her direct appeal. Id. at 1291 (citing Fla. R. Crim. P. 3.800(b)(2)). In contrast, rule 3.801 "applies to final sentences." Id. (quoting Fla. R. Crim. P. 3.801 (court commentary)).

Here, because Mr. Brady timely filed his rule 3.800(b)(2) motion during the pendency of his direct appeal, the trial court erred in dismissing Mr. Brady's motion for additional jail credit as premature. Mr. Brady is not required to wait until his sentence becomes final to move for correction of a jail credit error under rule 3.801. Accordingly, because the State conceded that Mr. Brady was entitled to a total of 186 days of jail credit in case 13-CF-017782 and a total of 185 days of jail credit in case 13-CF-018756, we reverse and remand for the trial court to enter corrected written sentences that state the proper amount of jail credit awarded in cases 13-CF-017782 and 13-CF-018756.

Affirmed in part, reversed in part, and remanded.

KELLY and CRENSHAW, JJ., Concur.