DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JOE DAVID TILLMAN, II,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D21-1269

_____

September 16, 2022

Appeal from the Circuit Court for Highlands County; Peter F.
Estrada, Judge.

Howard L. Dimmig, II, Public Defender, and Susan M. Shanahan,
Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Jeffrey H. Siegal,
Assistant Attorney General, Tampa for Appellee.

BLACK, Judge.

Joe Tillman appeals from the sentences imposed in lower case

2020-CF-562 following the entry of his no contest plea to six counts

of failing to register as a sex offender. Tillman argues on appeal

that the trial court erred in entering written sentences that do not comport with the oral pronouncement regarding the award of jail credit. We agree and reverse in part.

While serving his probationary sentence for lewd or lascivious battery in lower case 2011-CF-581, an affidavit of violation of probation was filed; the affidavit of violation of probation was later amended. On April 5, 2021, Tillman admitted to violating several conditions of his probation in lower case 2011-CF-581 and his probation was revoked. On that same day, Tillman also pleaded no contest to seven new law violations: one count of failing to register as a sex offender in lower case 2020-CF-539 and six counts of failing to register as a sex offender in lower case 2020-CF-562. Tillman was sentenced pursuant to a negotiated plea agreement to a total of fifteen years in prison. In lower case 2011-CF-581, Tillman was sentenced as a violent felony offender of special concern to fifteen years in prison; the court ordered that the sentence would be served concurrently to the sentences imposed in lower cases 2020-CF-539 and 2020-CF-562. In lower case 2020-CF-539, Tillman was sentenced to five years in prison. Finally, in lower case 2020-CF-562, Tillman was sentenced to five years in

prison on each count. Counts 1 through 3 are to be served concurrently to each other, as are counts 4 through 6. However, counts 1 through 3 are to be served consecutively to counts 4 through 6. Moreover, the sentences imposed in lower case 2020-CF-562 are to be served consecutively to the sentence imposed in lower case 2020-CF-539.

The negotiated plea agreement did not address jail credit. The trial court awarded Tillman jail credit for all time served in lower cases 2011-CF-581 and 2020-CF-539. The written sentence for lower case 2011-CF-581 reflects a jail credit award of 710 days, and the written sentence for lower case 2020-CF-539 reflects a jail credit award of 329 days. After pronouncing the sentences for counts 1 through 3 of lower case 2020-CF-562 and directing that the sentences be served concurrently to each other, the trial court stated that Tillman would be awarded "credit for all time served" on counts 1 through 3. The court then made the same pronouncement with respect to counts 4 through 6. Despite the trial court's oral pronouncement, the written sentences entered in lower case 2020-CF-562 indicate that no jail credit had been awarded.

3

During the pendency of this appeal Tillman filed his motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). *See Barnes v. State*, 977 So. 2d 801, 802 (Fla. 2d DCA 2008) (holding that by filing a rule 3.800(b) motion to correct sentencing error, the defendant preserved the issue raised on appeal that the written sentence fails to comport with the oral pronouncement); *see also Brady v. State*, 250 So. 3d 803, 804 (Fla. 2d DCA 2018) (holding that a defendant may seek an award of additional jail credit in a rule 3.800(b)(2) motion during the pendency of a direct appeal). In the order denying the rule 3.800(b)(2) motion, the postconviction court concluded that since consecutive sentences had been imposed Tillman was only entitled to jail credit on the first of the consecutive sentences—the sentence imposed in lower case 2020-CF-539.[1] *See Barnishin v. State*, 927 So. 2d 68, 71 (Fla. 1st DCA 2006) (holding that the trial court did not err in declining to award the defendant jail credit on his second

---

[1] The record reflects that Tillman was arrested on May 12, 2020, for the offenses charged in lower cases 2020-CF-539 and 2020-CF-562; he remained incarcerated until he was sentenced on April 5, 2021.

consecutive sentence, the sentence imposed in the second of the two cases in which the defendant had violated his probation); *see also Ransone v. State*, 48 So. 3d 692, 693-94 (Fla. 2010) (applying *Daniels v. State*, 491 So. 2d 543 (Fla. 1986), and holding that where a defendant's sentences in two different cases are to be served consecutively, the defendant is not entitled to presentence jail credit on both sentences); *Bagley v. State*, 96 So. 3d 1119, 1121 (Fla. 5th DCA 2012) (Lawson, J., concurring specially) (recognizing that under *Ransone* a defendant is not entitled to additional jail credit on the sentence imposed following a violation of probation where that sentence is to be served consecutively to the sentence imposed on the new law violation that formed the basis for revocation of probation). Tillman does not dispute on appeal that he was not entitled to jail credit in lower case 2020-CF-562 given the consecutive nature of his sentences. Rather, he contends that regardless of whether he was entitled to the jail credit, since the trial court orally pronounced the award the written sentences must be corrected to comport with the oral pronouncement. We agree.

It is well established that a trial court's oral pronouncement of the sentence controls over the written sentence. *Ashley v. State*,

850 So. 2d 1265, 1268 (Fla. 2003). And while Tillman was not entitled to jail credit in lower case 2020-CF-562, the trial court nonetheless had the discretion to award it. *See, e.g., Doland v. State*, 310 So. 3d 1051, 1053 (Fla. 2d DCA 2020) ("[A] sentencing court has discretion to grant jail credit on each individual consecutive sentence."); *Bagley*, 96 So. 3d at 1121 (Lawson, J., concurring specially) ("Even after *Ransone*, a trial court retains the discretion to award pyramiding credit for consecutive sentences."). Here, there is no indication in the transcript of the sentencing hearing that the trial court intended anything other than to award Tillman jail credit on all counts in lower case 2020-CF-562.

In *King v. State*, 86 So. 3d 1247, 1248-49 (Fla. 2d DCA 2012), this court reversed the denial of the defendant's rule 3.800(a) motion for additional jail credit where the written sentence conflicted with the oral pronouncement. In that case, the trial court orally pronounced a greater award of jail credit than that which was reflected in the written sentence. *Id.* at 1248. Even though the defendant "was not *entitled* to the additional credit"—much like Tillman—this court held that "the sentencing court had the discretion to award the credit . . . and the transcript clearly

6

indicate[d] that intent." *Id.*[2]; *see also Nelson v. State*, 148 So. 3d 173, 174 (Fla. 1st DCA 2014) (holding that the oral pronouncement of the award of jail credit controls over the written sentence regardless of whether the defendant is entitled to the jail credit).

Accordingly, we reverse the written sentences in lower case 2020-CF-562 to the extent that they fail to award jail credit and remand for the written sentences to be corrected to conform with the trial court's oral pronouncement with respect to jail credit. *See Barnes*, 977 So. 2d at 802.

Affirmed in part; reversed in part; remanded.

---

[2] In *King*, 86 So. 3d at 1248-49, this court further held that a trial court is without authority to rescind jail credit at any time even if that credit was awarded improperly because to do so would constitute an illegal enhancement of a sentence, relying on *Lebron v. State*, 870 So. 2d 165, 165 (Fla. 2d DCA 2004), and *Linton v. State*, 702 So. 2d 236, 236 (Fla. 2d DCA 1997). We recognize that this holding is no longer good law to the extent it conflicts with *Spear v. State*, 341 So. 3d 1106 (Fla. 2022). In *Spear*, the supreme court held

> that subject to the procedural constraints of rule 3.800(b), a trial court has the inherent authority to sua sponte correct sentencing documents that overreport the amount of jail time served by a defendant prior to sentencing or the amount of jail time and prison time served by a defendant prior to resentencing.

341 So. 3d at 1111.

LaROSE and LUCAS, JJ., Concur.

————————————————

Opinion subject to revision prior to official publication.